{¶ 45} I write separately to add two important reasons to affirm the trial court's judgment.
 {¶ 46} First, it is important to note that the defendant's two children, ages six and eight, testified about the incident. The six-year-old girl observed the defendant push the victim down onto a table and hold the victim down when she tried to run away. (Tr. 100, 103). The eight-year-old boy testified that he had seen the defendant push the victim to the ground. (Tr. 123). Therefore, there was sufficient evidence in support of the conviction even if we exclude the other acts evidence and the photographs of which defendant complains.
 {¶ 47} Secondly, I find the prosecutor's questioning regarding the defendant's non-peaceful character to be permissible under Evid.R. 404(A), which provides:
"Evidence of a person's character or a trait of his character is notadmissible for the purpose of proving that he acted in conformitytherewith on a particular occasion, subject to the following exceptions:
 "(1) Character of accused. Evidence of a pertinent trait of hischaracter offered by an accused, or by the prosecution to rebut the sameis admissible; however, in prosecutions for rape, gross sexualimposition, and prostitution, the exceptions provided by statute enactedby the General Assembly are applicable."
 {¶ 48} The defendant opened the door to this evidence by testifying that he would never "lay a hand on" the victim. Thus, he put his peaceful character in issue and the court properly allowed the State to offer rebuttal evidence.
 {¶ 49} I would further note that the defendant attempts to draw irrelevant distinctions between "hitting," "beating," and "laying a hand" on a victim. It is not necessary to beat a victim to commit domestic violence. The act of pushing can suffice. Either way, it demonstrates "laying a hand" on the victim, contrary to the defendant's alleged peaceful nature.